UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER HAMILTON

    Plaintiff,

vs.                                       Case No. 8:06-CV-2114-T-27MSS

ALLSTATE INDEMNITY COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss (Dkt. 4), to which Plaintiff has responded in opposition (Dkt. 7). Upon consideration, Defendant's motion is denied.

### *Background*

In the instant action, brought pursuant to Fla. Stat. § 624.155, Plaintiff seeks to recover for Allstate's alleged wrongful denial of benefits under her automobile insurance policy. As a condition precedent to this suit, Plaintiff alleges that she sent a civil remedy notice to Allstate on March 10, 2005 and that Allstate failed to cure the alleged violations within the sixty day period provided for in the statute. (Dkt. 3 ¶ 5). *See* Fla. Stat. § 624.155(3)(a). In this motion to dismiss, Allstate argues that Plaintiff's Amended Complaint (Dkt. 3) should be dismissed for failure to state a claim and for lack of subject matter jurisdiction pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### *Standard*

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.

1

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Rule 8 of the Federal Rules of Civil Procedure requires only that Plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

## *Discussion*

Section 624.155 of the Florida Statutes permits any person to institute an action against an insurer that has engaged in violations of enumerated statutes or that has engaged in other actions specifically prohibited by the statute. Fla. Stat. § 624.155(1)(a),(b).

Allstate first argues that Plaintiff has not properly pled the occurrence of one of the conditions precedent to her suit. Section 624.155 requires a Plaintiff to provide the insurer with 60 days' written notice of the alleged violation. Fla. Stat. § 624.155(3)(a). If the insurer fails to cure the violation with 60 days, the Plaintiff may then initiate a bad faith suit. Fla. Stat. § 624.155(3)(d). The Court finds that Plaintiff has more than adequately pled compliance with the 60-day condition precedent by alleging that all conditions precedent to suit have occurred (Dkt. 3, ¶ 10) and that Plaintiff sent a civil remedy notice, which Defendant failed to cure within the statutory timeframe. (Dkt. 3, ¶ 5). *See* Fed. R. Civ. P. 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred"); *cf. Allstate Ins. Co. v. Clohessy*, 32 F. Supp. 2d 1328, 1333 (M.D.Fla. 1998) (failing to allege filing of civil remedy notice necessitated dismissal).

Allstate also contends that the Amended Complaint must be dismissed for failure to include

a sufficient averment of time. Rule 9(f) provides: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Fed. R. Civ. P. 9(f). Rule 9 does not require specificity in pleading time and place, nor does it abrogate the notice pleading standard of Rule 8. *See Vero v. Barnett*, No. 04-cv-2278, 2005 WL 1074282, *2 (M.D.Fla. Apr. 6, 2005) (*citing* 2 James W. Moore et al., Moore's Federal Practice § 9.07[1] at 9-35 (3d ed.1997)). Plaintiff alleged that she sent her civil remedy notice on March 10, 2005, and Defendant has not suggested that the claim is barred by the statute of limitations or any other affirmative defense. Allstate's argument under Rule 9 is without merit.

Under the liberal notice pleading standards of Rule 8, the remaining allegations in Plaintiff's Amended Complaint adequately state a first-party statutory bad faith claim. To the extent Allstate argues that Plaintiff has not adequately pled violations of Fla. Stat. § 626.9541(1)(i) in Paragraph 9(b)-(f) of her Amended Complaint, this argument may be addressed through a motion to strike, a motion for judgment on the pleadings, or a motion for summary judgment.[1] Likewise, to the extent Allstate argues that Plaintiff's requests for mental anguish and loss of use damages are improper, this argument is not appropriate on a motion to dismiss when Plaintiff has stated a cognizable claim for relief. Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Dkt. 4) is **DENIED.**

**DONE AND ORDERED** in chambers this ___8th___ day of December, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

---

[1] Allstate correctly notes that Plaintiff's Amended Complaint does not contain allegations that the violations of Fla. Stat. § 626.9541(1)(i) were "[c]ommitt[ed] or perform[ed] with such frequency as to indicate a general business practice."

3